Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 10-30117 (LMW) |
| FRANCIS BARKYOUMB, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| ANN-MARIE ALDEN, | ) | ADV. PRO. NO. | 10-3024 (LMW) |
| PLAINTIFF, | ) | ECF NOS. | 84, 89 |
| vs. | ) | | |
| FRANCIS BARKYOUMB, | ) | | |
| DEFENDANT. | ) | | |

## APPEARANCES

Joseph J. Shainess, Esq.                           Attorney for the Plaintiff
Law Office of Joseph J. Shainess
547 Main Street
Middletown, CT  06457

Francis Barkyoumb                                  *Pro Se* Defendant
85 Emanuel Church Road
Killingworth, CT  06419

**BRIEF MEMORANDUM AND ORDER GRANTING MOTION FOR
DEFAULT JUDGMENT OF NONDISCHARGEABILITY UNDER
11 U.S.C. §§ 523(a)(5) AND 523(a)(15) AND OVERRULING OBJECTION**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**WHEREAS,** this court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and that certain Order dated September 21, 1984 of this District (Daly, C.J.).[1]  This memorandum constitutes the findings of fact and conclusions of law mandated by Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure);

## BACKGROUND

**WHEREAS,** this chapter 7 case was commenced by the above-referenced debtor (the "Debtor") by petition filed on January 15, 2010.  (*See* Case ECF No. 1.)[2]  The Debtor received his chapter 7 discharge on May 6, 2010.  (*See* Case ECF No. 14.);

**WHEREAS,** the above-captioned plaintiff (the "Plaintiff") commenced this adversary proceeding by a complaint filed on March 12, 2010.  (*See* ECF No. 1, the "Complaint.")  With leave of court (*see* Fed. R. Civ. P. 4(m) (made applicable here by Fed. R. Bankr. P. 7004)), a summons was issued on February 17, 2012 (*see* A.P. ECF No. 69) and was served on February 20, 2012 (*see* ECF No. 71);

**WHEREAS,** an amended Complaint (the "Amended Complaint") was filed and served on March 8, 2012.  (*See* ECF No. 74, the "Amended Complaint;" *see also* ECF No. 73.)  The Amended Complaint sought a determination that

---

[1] That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C. , or arising in . . . a case under Title 11, U.S.C. . . . ."

[2] References to the docket of this chapter 7 case appear in the following form: "Case ECF No. __." References to the docket of this adversary proceeding appear in the following form: "ECF No. __."

> the unsecured priority claims listed [on] . . . the . . . [D]ebtor's Schedule E in the amount of $18,000.00 as alimony and $2,700.00 in child support respectively be determined non-dischargeable and therefore not discharged.

(ECF No. 74 at 3-4.)  The Amended Complaint further sought the determination that

> the unsecured priority [sic] claim[] [listed on the Debtor's] . . . Schedule F in the amount of $1,200,000.00 be determined to be non-dischargeable and therefore not discharged.

(*Id.* at 4.);

**WHEREAS,** the Debtor was and is *pro se* in this adversary proceeding.[3]  The Debtor failed to file an answer or otherwise defend in these proceedings and, on June 15, 2012, the Clerk entered default against the Debtor.  (*See* ECF No. 82.)  On June 20, 2012, the Plaintiff filed a Motion for Judgment in Accordance with Default.  (*See* ECF No. 84, the "Motion.")  The Motion sought a judgment for the relief requested in the Amended Complaint.  (*See id.*);

**WHEREAS,** on July 2, 2012, the Debtor filed what the court deemed to be in the nature of an objection by the Debtor to the Motion.  (*See* ECF No. 89, the "Objection.")  By order dated July 2, 2012, the court set the Objection (and the Motion) down for a hearing on July 18, 2012 and required the Debtor to appear at such hearing.  (*See* ECF No. 88.)  That hearing was convened as scheduled; the Plaintiff appeared through counsel and the Debtor appeared *pro se*.  (*See* Oral Record of 7/18/2012 Hearing at 10:26:51 *et seq.*)  At that hearing, the Debtor acknowledged that he had ignored these proceedings because his chapter 7 counsel had advised him that defense was "futile," (*see id.* at 10:27:54 *et seq.*).  The court continued the hearing on the Objection and the Motion to August 22, 2012 (the "Final Hearing") and advised counsel for the Plaintiff to file further support for the Motion in order to enable the court to determine that the Plaintiff had made out a *prima facie*

---

[3] However, the Debtor is represented by counsel in his chapter 7 case.

case on the Amended Complaint. (*See* Oral Record of 7/18/2012 Hearing at 10:29:04 *et seq.*) Counsel for the Plaintiff complied with the court's direction on August 2, 2012. (*See* ECF No. 95, together with attachments thereto, the "Affidavit;" *see also* ECF No. 96 (related certification of service).) The Final Hearing was convened as scheduled; the Plaintiff appeared through counsel but the Debtor did not appear (although he had notice);

## APPLICABLE LAW

**WHEREAS,** the Amended Complaint expressly seeks a determination of nondischargeability under Bankruptcy Code § 523(a)(15). However, as noted above, the Amended Complaint also expressly refers to "alimony" and "child support." The foregoing placed the Debtor sufficiently on notice that Section 523(a)(5) also was at issue. *Cf.* 11 U.S.C. §§ 101(14A) and 523(a)(5) (both discussed below);[4]

**WHEREAS,** a debtor who is named as a defendant in an adversary proceeding with respect to discharge or dischargeability always is deemed to have appeared in the proceeding. Accordingly, Rule 55(b)(1) of the Federal Rules of Civil Procedure (made applicable here by Rule 7055 of the Federal Rules of Bankruptcy Procedure) does not apply to such proceedings. *See American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 741-42 (Bankr. D. Conn. 2002);

**WHEREAS,** although the defendant has failed to plead, a motion for judgment by default is not granted to the plaintiff as a matter of right. Rather, the court in its discretion may conduct a hearing "requir[ing] some proof [from the plaintiff] of the facts that must be established in order to

---

[4] However, to the extent (if any) that the Affidavit seeks relief beyond that sought in the Amended Complaint, that relief cannot be granted. *See* Fed. R. Civ. P. 54(c) (made applicable here by Fed. R. Bankr. P. 7054) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

determine [the defendant's] liability." 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 60-61 (3d ed. 1998). *See also Lu v. Liu (In re Liu)*, 282 B.R. 904, 907 (Bankr. C.D. Cal. 2002) (The plaintiff must demonstrate a *prima facie* case by "competent evidence" to obtain a default judgment.). At the court's discretion, such proof may be made by affidavit. *See* Fed. R. Civ. P. 43(c) (made applicable here by Fed. R. Bankr. P. 9017). A plaintiff has made a satisfactory *prima facie* showing where, from the evidence presented, "a factfinder could reasonably find every element that the plaintiff must ultimately prove to prevail in the action." *Fisher v. Vassar College*, 114 F.3d 1332, 1336 (2d Cir. 1997) (*en banc*), *cert. denied*, 522 U.S. 1075 and *reh'g denied*, 523 U.S. 1041 (1998) (*abrogated on other grounds by Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000));

> **WHEREAS,** Bankruptcy Code § 523(a) provides in relevant part:
>
> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
>
> . . .
>
> (5) for a domestic support obligation; . . .
>
> (15) to a . . . former spouse . . . of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor . . . in connection with a . . . divorce decree or other order of a court of record . . . .

11 U.S.C.A. § 523(a) (West 2012). "Generally, section 523(a)(15) governs the dischargeability on property settlement debts as opposed to support obligations." 4 Alan N. Resnick and Henry J. Sommer, *Collier on Bankruptcy* ¶ 523.23, at 523-124 (16th ed. 2009). Section 101(14A) of the Bankruptcy Code defines "domestic support obligation" as follows:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that

accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–

(A) owed to or recoverable by–

   (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

   (ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–

   (i) a separation agreement, divorce decree, or property settlement agreement;

   (ii) an order of a court of record; or

   (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C.A. § 101(14A) (West 2012);

### PRIMA FACIE CASE

**WHEREAS,** the Debtor's bankruptcy schedules (Case ECF No. 1, the "Schedules") were signed under penalty of perjury and filed on January 15, 2010. (*See id.*) The "Schedules were signed by the Debtor under oath and, as such, constitute admissions usable against him." *First Nat'l Ins. Co. of America v. Bartomeli (In re Bartomeli),* 303 B.R. 254, 264-65 (Bankr. D. Conn. 2004);

    a.    **11 U.S.C. § 523(a)(5) (Domestic Support Obligation)**

**WHEREAS,** the Debtor's "Schedule E - Creditors Holding Unsecured Priority Claims" lists a claim (the "Alimony Claim") incurred in January, 2004 for a debt owing to the Plaintiff for "Alimony" in the amount of $18,000.00. (*See* Case ECF No. 1 (Schedule E).) The Alimony Claim is not listed on Schedule E as contingent, unliquidated or disputed. (*See id.*) Thus, such listing is an admission against the Debtor. The Debtor's "Schedule E - Creditors Holding Unsecured Priority Claims" also lists a claim (the "Support Claim") incurred in January, 2004 for a debt owing to the Plaintiff for "Child Support" in the amount of $2,700.00. (*See id.*) The Support Claim is not listed on Schedule E as contingent, unliquidated or disputed. (*See id.*) Thus, such listing also is an admission against the Debtor;

**WHEREAS,** the referenced admissions in the Schedules make out a *prima facie* case that the Alimony Claim refers to a debt for "alimony" within the purview of Section 101(14A) and that the Support Claim refers to a debt for "support" within the purview of Section 101(14)(A). The court finds and/or concludes that the Affidavit makes out a *prima facie* case for the remaining elements of "domestic support obligation" within the purview of Section 101(14)(A) with respect to those two debts. Accordingly, the court concludes that the Plaintiff has made out a *prima facie* case of nondischargeability under Section 523(a)(5) with respect to the Alimony Claim debt and the Support Claim debt;

    b.    **11 U.S.C. § 523(a)(15)**

**WHEREAS,** the Debtor's "Schedule F - Creditors Holding Unsecured Nonpriority Claims" lists a claim (the "Property Settlement Claim") incurred in January, 2004 for a debt owing to the Plaintiff for "Property Settlement Divorce" in the amount of $1,200,000.00. (*See* Case ECF No. 1

(Schedule F).) The Property Settlement Claim is not listed in Schedule F as contingent, unliquidated or disputed. (*See id.*). Thus, such listing is an admission against the Debtor;

**WHEREAS,** the court finds and/or concludes that the referenced admission in the Schedules together with the Affidavit make out a *prima facie* case that the Property Settlement Claim debt is nondischargeable pursuant to Section 523(a)(15);

## CONCLUSION

**NOW, THEREFORE,** for the reasons set forth above, the Motion shall be and hereby is **GRANTED** and the Objection **OVERRULED**. Judgment in accordance herewith shall issue determining substantially as follows: (a) the debts respecting the claims listed on the Debtor's Schedule E as "Alimony" and as "Child Support" were not discharged in this chapter 7 case pursuant to 11 U.S.C. § 523(a)(5); and (b) the debt respecting the claim listed on the Debtor's Schedule F as "Property Settlement Divorce" was not discharged in this chapter 7 case pursuant to 11 U.S.C. § 523(a)(15). Such judgment will be a determination of nondischargeability only, and not a money judgment of this court.

It is **SO ORDERED.**

Dated: September 14, 2012                                             BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge